**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Bean, et al., | CV 11-8030-PCT-PGR |
| Plaintiffs, | |
| v. | **ORDER** |
| Pearson Education, Inc., | |
| Defendant. | |

Before the Court is Plaintiffs' Motion for Preliminary Injunction. (Doc. 4.) Defendant filed a response opposing the motion (Doc. 18), and Plaintiffs filed a reply (Doc. 25). For the following reasons, the Court denies the motion.

**BACKGROUND**

This is a copyright infringement case. Plaintiffs Tom Bean and Dennis Kunkel Microscopy, Inc., are professional photographers who license their photographs to publishers. Defendant Pearson Education, Inc., is a publisher of textbooks and other educational materials. On February 25, 2011, Plaintiffs filed a Complaint alleging that Defendant used their photographs in excess of the print quantities stated in the invoices. (Doc. 1.) Plaintiffs contend that Defendant intentionally misrepresented the print quantities in order to obtain lower license fees and willfully infringed their copyrights by using photographs without permission. (*Id.*, ¶¶ 13–14, 17.) The Complaint asserts claims for copyright infringement and common law fraud. (*Id.*, ¶¶ 21-26.) Plaintiffs seek a preliminary injunction to halt distribution of Defendant's textbooks and other materials. (Doc. 4.)

**DISCUSSION**

  **Applicable Law**

  The Copyright Act provides that courts may grant injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 392–93 (2006), the Supreme Court made clear that an injunction does not automatically follow a determination that a copyright has been infringed. *See Salinger v. Colting*, 607 F.3d at 68, 80 (2d Cir. 2010). Therefore, a copyright plaintiff seeking injunctive relief must satisfy the traditional four-factor test by showing (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365 (2008). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 376.

  A preliminary injunction "may only be granted when the moving party has demonstrated a significant threat of irreparable injury." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999); *see Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (irreparable harm is the "single most important prerequisite" for a preliminary injunction to issue.) Even if a plaintiff establishes a likelihood of success on the merits, "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." *Siegel v. Le Pore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *see Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233–34 (2d Cir. 1999) ("the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered.").

  A plaintiff must demonstrate that irreparable harm is real and significant, not speculative or remote. *See Winter*, 555 U.S. at 375–76. He must also establish that "remedies

available at law, such as monetary damages, are inadequate to compensate for that injury." *eBay*, 547 U.S. at 391.

Harm is irreparable when it cannot be remedied except through injunctive relief. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1210 (C.D. Cal. 2007). Economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award. *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 852 (9th Cir. 2009). As the Supreme Court explained in *Sampson v. Murray*, 415 U.S. 61, 90 (1974), "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury. . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

Jeopardy to a company's competitive position caused by copyright infringement may satisfy the requirement of irreparable harm. *Apple Computer, Inc. v. Formula Int'l Inc.*, 725 F.2d 521, 525–26 (9th Cir. 1984). Similarly, the threat of the loss of prospective customers, goodwill, or reputation may support a finding of irreparable harm, so long as it is not too speculative. *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991); *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001). These intangible injuries are irreparable because quantifying their harm is impractical or impossible, and therefore such injuries cannot be fully remedied with a financial award. *See MySpace, Inc. v. Wallace*, 498 F.Supp.2d 1293, 1305 (C.D. Cal. 2007).

### **Analysis**

Plaintiffs contend that they "are being forced to 'grant' licenses to Pearson, having been stripped by Pearson of the ability to control their copyrighted works." (Doc. 4 at 6.) According to Plaintiffs, Defendant's ongoing infringement constitutes irreparable harm that cannot be redressed through monetary damages.

Defendant, noting that Plaintiffs are in the business of licensing their photographs and that the fees for licenses are based on specific parameters, counters that "[t]o the extent Pearson printed publications in excess of the quantities stated in the licenses, any harm to Plaintiffs is purely monetary and can be adequately remedied with money damages." (Doc. 18 at 10.) The Court agrees. Nothing Plaintiffs have presented indicates otherwise. Indeed, as Defendant argues, the evidence suggests that Plaintiffs themselves regard monetary damages as adequate compensation for the unauthorized use of their photographs.[1] (Doc. 18 at 11; Exs. A, B.)

The cases cited by Plaintiffs do not support their position that monetary damages will be an insufficient remedy. In *Apple Inc. v. Pystar Corp.*, 673 F.Supp.2d 943, 948–49 (N.D. Cal. 2009), the court issued a permanent injunction upon finding that the plaintiff would suffer irreparable harm and that legal remedies were inadequate. The defendant infringed on Apple's copyright by reproducing, modifying, and distributing Apple's Operating System (OS) for use on non-Apple computers. The court found that the decreased functionality and quality of the defendant's installation of Apple's OS would damage Apple's reputation, goodwill, competitive position, and market share. *Id.* at 948–49 (also citing damage to plaintiff's "investment in and commitment to high standards of quality control and customer service"). The court determined that these harms would be "difficult, if not impossible, to quantify." *Id.* at 950.

Similarly, in *Microsoft Corp. v. Marturano*, No. 1:06-CV-1747, 2009 WL 1530040, at *8 (E.D. Cal. May 27, 2009), a permanent injunction was issued to enjoin the illegal

---

[1] Defendant indicates that some invoices from Plaintiffs' agents include a liquidated damages provisions setting monetary penalties for unauthorized use of their photographs. (Doc. 18, Ex. A at 4.) Defendant also notes that Plaintiff Kunkel settled copyright infringement claims concerning photographs licensed during the last six year, granting Defendant a retroactive license to use the photographs in exchange for money damages. (Doc. 18 at 9; Doc. 22.)

- 4 -

distribution of counterfeit software. The court found the defendant's actions caused irreparable injury in the form of "confusion, mistake or deception as to the product's source, origin or authenticity." *Id.*

Finally, in *Designer Skin, LLC, v. S&L Vitamins, Inc.*, No. CV 05-3699, 2008 WL 4174882 (D. Ariz. Sept. 5, 2008), the defendant impermissibly copied and posted on its website 42 of the plaintiff's copyrighted images. After a bench trial, the court granted a permanent injunction. The court found that the defendant's infringement resulted in irreparable harm and that there was no adequate remedy at law, because of the difficulty of proving damages where "the product license . . . has no market." *Id.* at *5.

In contrast to these cases, Plaintiffs do not contend that their losses cannot be quantified, that the market for their product has been damaged, or that their "brand, business reputation, and goodwill . . . would be irreparably harmed," *Apple*, 673 F.Supp.2d at 948–49, simply because their photographs appear in Defendant's textbooks in unauthorized quantities. Likewise, Plaintiffs' allegation that they will subjected to future copyright infringement by Defendant does not support a claim of irreparable harm. "[T]he mere likelihood of future infringement by a defendant does not by itself allow for an inference of irreparable harm" because "future copyright infringement can always be redressed via damages, whether actual or statutory."[2] *Grokster*, 518 F.Supp.2d at 1215.

In *Grokster* the court granted a permanent injunction on behalf of the copyright-holders against the defendant StreamCast, the distributor of a peer-to-peer file-sharing service. The plaintiffs showed that they would be irreparably harmed, and there was an inadequate remedy at law, because it was "extremely unlikely that StreamCast will be able to compensate Plaintiffs monetarily for the infringements it has induced in the past, or the infringements it could induce in the future" and because "through StreamCast's inducement,

---

[2] Defendant indicates that it "is taking steps to ensure that Plaintiffs' photographs are not included in future editions" of its materials. (Doc. 18 at 7 n.2; Ex. A at 2–3.)

- 5 -

an entire universe of copyrighted content has been, and can continue to be, made available for unending infringement." *Id.* at 1218. As the court explained, "given the volume of infringement caused by StreamCast's inducement in this particular case, the assault on Plaintiffs' intellectual property rights through further digital transfers by members of the public—Plaintiffs' customer base—is difficult to overstate." *Id.*

Like the copyright holders in *Grokster*, it is Plaintiffs' burden to explain how future infringements would result in the type of harm—loss of market share, competitive disadvantage, or intangible harm such as a loss of goodwill or damage to their reputation—that cannot be fully redressed by monetary damages. *Id.* For the reasons discussed above, they have not met that burden.

**CONCLUSION**

Because Plaintiffs fail to satisfy the irreparable harm factor, they are not entitled to a preliminary injunction. *See Simula*, 175 F.3d at 725; *see also Hologic, Inc. v. Senorx, Inc.*, No. C-08-00133, 2008 WL 1860035, *17 n.12 (N.D. Cal., April 25, 2008) ("The court has found that Hologic has not met its burden of showing irreparable harm, thus, it need not address any other preliminary injunction factor.") (citing *Reebok Int'l Ltd. V. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for a preliminary injunction (Doc. 4) is **DENIED.**

DATED this 28th day of March, 2011.

Paul G. Rosenblatt
United States District Judge