**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Bean, et al., ) | CV 11-8030-PCT-PGR |
| Plaintiffs, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Pearson Education, Inc., ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendant's Motion to Dismiss Case. (Doc. 26.) Plaintiffs filed a response in opposition (Doc. 41) and Defendant filed a reply (Doc. 42). Defendant contends that Plaintiffs' Complaint, which alleges copyright infringement and common law fraud, fails to state a claim for which relief may be granted. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

**BACKGROUND**

Plaintiffs Tom Bean and Dennis Kunkel Microscopy, Inc., are professional photographers who license their photographs to publishers, including Defendant Pearson Education, Inc., a publisher of textbooks and other educational materials. On February 25, 2011, Plaintiffs filed a Complaint alleging that Defendant used their photographs in excess of the print quantities stated in the invoices. (Doc. 1.) Plaintiffs contend that Defendant intentionally misrepresented the print quantities in order to obtain lower license fees. (*Id.*, ¶¶ 13–17.)

**DISCUSSION**

Defendant has filed a motion to dismiss Plaintiffs' Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 27.) The Rules require a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), a pleading must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A claim must be plausible, allowing the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.)

"[A]ll well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." *Wyler Summit Partnership v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.

**I.    Count 1: Copyright Infringement**

Defendant argues that the Complaint fails to establish Plaintiffs' ownership of valid copyrights in the photographs at issue or that Defendant infringed on any copyrighted images. As set forth below, the Court finds that with respect to Claim 1 the Complaint satisfies the pleading requirements of Rule 8 by setting forth a short and plain statement of a plausible claim.

The Copyright Act of 1976 provides that "the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; . . . (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . ." 17 U.S.C. § 106. "'Anyone who violates any of the exclusive rights of the copyright owner,' that is, anyone who trespasses into his exclusive domain by using or authorizing the use of the copyrighted work . . . 'is an infringer of the copyright.'" *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984) (quoting 17 U.S.C. § 501(a)). One who exceeds the scope of a license to reproduce a copyrighted work likewise is an infringer. *See Jacobsen v. Katzer*, 535 F.3d 1373, 1379–80 (Fed.Cir. 2008) ("If . . . a license is limited in scope and the licensee acts outside the scope, the licensor can bring an action for copyright infringement.").

To establish infringement, a copyright plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc., v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006). Therefore, to prevail on their claim of copyright infringement, Plaintiffs must show that they owned a valid copyright for their photographs, that the licenses they issued to Defendant were limited in scope, and that Defendant exceeded that scope. *See Wood v. Houghton Mifflin Harcourt Pub. Co.*, 589 F.Supp.2d 1230, 1239 (D.Colo. 2008).

Defendant first contends that Plaintiffs have failed to allege that they are the owners and copyright holders of the photographs at issue. The Court disagrees. The Complaint states that "Plaintiffs are the owners and exclusive copyright holders of the attached photographic images ("Photographs"), whose registration status with the United States Copyright Office is set forth in Exhibits A-1 and A-2 (Bean) and B (Kunkel)." (Doc. 1 at ¶ 9.) The Complaint alleges that the photographs are either registered or pending registration with the Copyright Office, and lists the registration numbers and dates. (*Id.*, ¶¶ 9-10; Ex's A1-B.) These

1   allegations are sufficient to satisfy Rule 8(a)(2). At the complaint stage, Plaintiffs are not
2   required to prove ownership of the copyrights. *See Imageline, Inc. v. CafePress.com, Inc.*,
3   No. CV 10-9794 PGS (MANx), 2011 WL 1322525, *2–3 (C.D.Cal. April 6, 2011) (finding
4   sufficient, for purpose of withstanding motion to dismiss, allegation that "[e]ach Image is
5   owned by Plaintiff, contains copyrightable subject matter under the laws of the United States,
6   and has been registered with the United States Copyright Office"); *Robert Kubicek Architects*
7   *& Associates, Inc. v. Bosley*, No. CV-09-0145-PHX-MHM, 2009 WL 3188391, *2 (D.Ariz.
8   September 29, 2009) (finding Rule 8 satisfied where complaint "alleges present ownership
9   of the copyright by the plaintiff," "identifies the copyright registrations that were obtained
10  for some of the works at issue," and "alleges infringement of the copyright by Defendants.").

11        Defendant also argues that Plaintiffs have not sufficiently alleged that all of the
12  images are properly registered as individual photographs rather than compilations. (Doc. 27
13  at 4–5.) For this proposition Defendant cites a parallel case from this district in which the
14  court found that only the compilations of images, rather than Bean's individual photographs,
15  were properly copyrighted. *Bean v. Houghton Mifflin Harcourt Publishing Co.*, CV 10-8034-
16  PCT-DGC, 2010 WL 3168624 (D.Ariz. August 10, 2010). The six compilations, each of
17  which contained thousands of images taken by numerous photographers, were registered by
18  Corbis Corporation, a stock photography agency to which Bean had transferred the rights to
19  150 of his photographs. *Id.*, at *1. Bean, who claimed that the defendant had exceeded the
20  terms of the licenses issued by Corbis, argued that Corbis's registration of the compilations
21  was sufficient to register his individual photographs. *Id.*, at *3. The court disagreed,
22  explaining that "Corbis's six compilation registrations, although valid for purposes of
23  copyrighting the compilations themselves, did not copyright the individual photographs
24  within the compilations. As a result, none of the . . . images at issue in this case is properly
25  registered under the Copyright Act." *Id.*, at *4.[1]

---

[1] Citing the requirements of 17 U.S.C. § 409, the court noted that Corbis, in registering the compilations, "failed to provide the titles of any of the individual photographs, largely

- 4 -

1    Plaintiffs acknowledge that six of the registration certificates at issue in this matter
2 were those involved in the prior case.² (Doc. 41 at 5.) With respect to images contained in
3 these compilations, the Court adopts the ruling in *Bean* and concludes that Plaintiffs have
4 failed to allege that the images are properly registered.

5    According to Plaintiffs, the remaining certificates register photographs by a single
6 author who is named on the certificate and are properly registered as compilations of
7 photographs contributed by Plaintiffs Bean or Kunkel. (*Id.* at 6.) The district court in
8 *Imageline*, faced with a similar scenario, denied a motion to dismiss. The court explained that
9 it was "unable to conclude that Imageline has not registered the individual images for
10 copyright protection, or that the registration for a compilation does not satisfy the pre-suit
11 registration requirement in the Copyright Act . . .While CafePress may, or may not,
12 ultimately succeed on this theory, it is inappropriate for resolution at this stage of litigation."
13 2011 WL 1322525, at *3, n.2. Similarly, Plaintiffs have sufficiently alleged, for purposes of
14 surviving Defendant's motion to dismiss, that the remaining images are properly are
15 registered under the Copyright Act.

16    Defendant next argues that Plaintiffs have offered only conclusory, unsupported
17 allegations that it copied images in excess of the permitted quantity or used Plaintiffs'
18 photographs without permission. (Doc. 27 at 5–6.) Defendant contends that Plaintiffs'
19 allegations constitute legal conclusions and lack any factual support, and are therefore
20 inadequate to state a claim of copyright infringement. (*Id.*) Defendant also notes that rather
21 than specifically identifying which images were infringed, "the exhibits to the Complaint
22 include ***every image directly licensed by Pearson since 1992*** that has not already been the

---

failed to identify the authors of the photographs, and failed to connect any author with any individual photograph." *Bean*, 2010 WL 3168624, at *4.

² The six compilations are identified as VA 863-783, VA 863-785, VA 1-115-519, VA 1-132-628, VA 1-288-586, and VA 1-408-166. (*See* Doc. 1, Ex's. A-1, A-2 & B; Doc. 41 at 5, n.14.)

- 5 -

subject of a settlement agreement between the parties." (Doc. 42 at 2.) (Emphasis in original.) Although the issue is close, the Court concludes that Plaintiffs have sufficiently alleged infringement.

The Complaint alleges that the licenses issued to Defendant "were expressly limited by number of copies, distribution area, language, duration, and media" and that "Plaintiffs granted the limited use licenses in response to Pearson's representations that the use of the Photographs would not exceed the limitations contained in its solicitations." (Doc. 1, ¶¶ 11, 12.) The Complaint further alleges that "[u]pon information and belief, Pearson exceeded the permitted uses under the terms of the limited licenses granted by Plaintiffs" and "[u]pon information and belief, Pearson used the Photographs without any permission in certain publications." (*Id.*, ¶¶ 16, 17.)

Plaintiffs contend that the Complaint adequately "sets out the scheme Pearson used to obtain licenses at a reduced price by misrepresenting its intended uses, and its copyright infringement by exceeding the limited permissions photographers granted." (Doc. 41 at 8.) They state that the exhibits attached to the Complaint "specified . . . exactly which of their photographs have been infringed and which of Pearson's textbooks and other products contain infringements" and "set[] out a sufficiently specific time period of Pearson's infringements." (*Id.*) The Court agrees that this information is sufficient to properly allege infringement.

The cases cited by Defendant are distinguishable, in that the courts found that the plaintiffs failed to allege *any* facts in support of their claims. In *Marvullo v. Gruner & Jahr*, 105 F.Supp.2d 225, 228 (S.D.N.Y. 2000), for example, the court granted the defendant's motion to dismiss on the grounds that the "plaintiff's unadorned allegation in paragraph nine that defendants have published the McNeely photograph 'beyond the scope . . . of the limited license,' absent any factual support, merely states a legal conclusion insufficient to withstand a motion to dismiss." Similarly, in *Universal Surface Technology, Inc. v. Sae-A Trading America Corp.*, 2011 WL 281020, *6 (C.D.Cal. 2011), the court noted that "the complaint

- 6 -

alleges no facts indicating what acts constitute the alleged infringement, and which copyrights have allegedly been infringed. Rather, the complaint only contains the conclusory allegation that defendants 'have infringed, and continue to infringe plaintiff's exclusive copyrights by reproducing, preparing derivative works of, and distributing infringing copies of' plaintiff's copyright." *See also Elan Microelectrics Corp. v. Apple, Inc.*, No. C 09-1531 RS, 2009 WL 2972374, *2 (N.D.Cal. Sept.14, 2009) (dismissing claim that "consists of nothing more than a bare assertion, made 'on information and belief' that Elan 'has been and is currently, directly and/or indirectly infringing . . . the specified patents.'").

Plaintiffs' Complaint contains specific, albeit unadorned, allegations identifying the copyrighted images at issue and the nature of the alleged infringement. These allegations are sufficient to survive Defendant's Rule 12(b)(6) motion. In *Wu v. Pearson Educ., Inc.*, No. 09 Civ. 6557 (RJH), 2010 WL 3791676, *6 (S.D.N.Y. September 29, 2010), the district court held that the plaintiff's allegations of copyright infringement satisfied the pleading requirements of Rule 8(a)(2), notwithstanding the complaint's excessive reliance on qualifiers such as "upon information and belief" and "as best as Plaintiff can determine," because use of such phrases "does not impede the reader's ability to understand the allegations made or how those allegations satisfy the elements of a copyright claim." *Id.* The court distinguished *Elan Microelectrics v. Apple*, noting that the California district court dismissed Apple's claims "not because they were excessively qualified but because Apple failed to allege sufficient facts to make the complaint plausible on its face." *Id.* Here, as in *Wu*, Plaintiffs' allegations that Defendant exceeded the print limits is plausible

Taking their allegations of material fact as true and construing them in a light most favorable to Plaintiffs, the Court finds that the claim of copyright infringement is plausible and rises above the speculative level. Therefore, it meets the pleading requirements of Rule 8 and Defendant's motion to dismiss with respect to Claim 1 is denied.

**II.     Count 2: Fraud**

Plaintiffs allege that Defendant intentionally misrepresented print quantities in order

- 7 -

1  to obtain lower license fees and failed to disclose unauthorized uses of Plaintiffs' images.
2  Defendant contends that the fraud count should be dismissed because "Plaintiffs fail to
3  support these allegations with particularized facts" and therefore "their claim does not meet
4  the heightened pleading requirements of Rule 9(b)." (Doc.27 at 7.)

5  Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or
6  mistake, a party must state with particularity the circumstances constituting fraud or mistake.
7  Malice, intent, knowledge, and other conditions of a person's mind may be alleged
8  generally." Thus, "allegations of fraud must be 'specific enough to give defendants notice
9  of the particular misconduct which is alleged to constitute the fraud charged so that they can
10 defend against the charge and not just deny that they have done anything wrong.'"*Bly-Magee
11 v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d
12 666, 672 (9th Cir. 1993)). Statements of the time, place, and nature of the alleged fraudulent
13 activities are sufficient, provided the plaintiff sets forth "what is false or misleading about
14 a statement, and why it is false." *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th
15 Cir. 1994). As the 9th Circuit has explained:

> In order for a complaint to allege fraud with the requisite particularity, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction . . . In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (quoting *GlenFed*, 42 F.3d at 1548).

To prevail on a fraud claim under Arizona law, a claimant must show: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of the representation's falsity or ignorance of its truth; 5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) the hearer's reliance on its truth; 8) the right to rely on it; and 9) his consequent and proximate injury. *See Van Weelden v. Hillcrest Bank*, No. 2:10-CV-1833, 2011 WL 772522, *7 (D.Ariz. February 28, 2011) (citing *Echols v. Beauty Built Homes*, 132 Ariz. 498,

- 8 -

1  647 P.2d 629, 631 (1982)).

2      In their Complaint Plaintiffs allege the following:

3      13. Upon information and belief, at the time Pearson represented to Plaintiffs in its license solicitations that it needed specified, limited permission to use the Photographs, Pearson knew its actual uses under the licenses would exceed the permission it was requesting and paying for.

    14. Upon information and belief, Pearson intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings with Plaintiffs and to conceal the copyright infringements that followed. Pearson's false and misleading representations did deceive Plaintiffs, and did conceal the copyright infringements that followed.

    15. Plaintiffs relied to their detriment on the truthfulness of the express limitations contained in the license solicitations in establishing their license fees.

11  (Doc. 1, ¶¶ 13–15.) In their response to Defendant's motion to dismiss, Plaintiffs clarified

12  that they are alleging fraud only with respect to claims they have supported with

13  documentary evidence. (Doc. 41 at 10; *see* Doc. 1, Ex. C.) Exhibit C to the Complaint

14  consists of five billing requests. According to Plaintiffs, these documents "set forth the

15  identity of the persons making the misrepresentations, the time, place and content of the

16  misrepresentations, and the method by which the misrepresentations were communicated to

17  Plaintiffs or their agents." (Doc. 1, ¶ 12)

18      Defendant asserts that the Complaint does not specifically identify any statement that

19  "could plausibly be characterized as a misrepresentation." (Doc. 27 at 8; *see* Doc. 42 at 9.)

20  Plaintiffs respond that their Complaint, supported by the attached documents, specifically

21  alleges Defendant's "fraudulent scheme of requesting licenses with certain limits on copies,

22  geographic distribution area, language, duration, and media, all the while intending to exceed

23  those limits, in order to obtain licenses at a lower cost than if it were honest with licensors."

24  (Doc. 41 at 11; *see* Doc. 1, ¶¶ 11–20.)

25      The billing request letters from Defendant to Plaintiffs contain specifications such as:

26  "Languages: One Language," "Circulation: Up to 40,000," and "Distribution Regions: North

27  America." (*See* Doc. 1, Exhibit C.) At the bottom of all but one of the letters, Defendant

1 states, "The photographs will be included in the company's digital archive for internal
2 storage and viewing purposes only and will not be re-used in any publication without
3 payment of the requisite permission fee." (*Id.*) According to Plaintiffs, this language indicates
4 that Defendant was requesting permission only for the uses listed in the letter, with
5 Defendant agreeing to pay an additional fee for use in excess of those limitations. The Court
6 agrees that the documents could be construed as representations by Defendant that it would
7 not exceed the limitations set forth in the letters. *See Wood v. Houghton Mifflin Harcourt*
8 *Pub. Co.*, 569 F.Supp.2d 1135, 1140 (D.Colo. 2008).

9 Plaintiffs proceed to argue—"upon information and belief"—that Defendant knew at
10 the time it issued the request letters that it would exceed the limitations set forth therein and
11 thereby engaged in misrepresentation. Therefore, as a precondition to showing that
12 Defendant made a false representation, Plaintiffs must allege that Defendant exceeded the
13 terms of the agreements. As Defendant notes, however, "Plaintiffs Complaint does not allege
14 that any one of the images in the five billing requests was printed in excess of its license
15 limitation." (Doc. 42 at 9.) For this reason, Plaintiffs have failed to satisfy the particularized
16 pleading standard of Rule 9(b).

17 "Allegations of fraud based on information and belief usually do not satisfy the
18 particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing
19 party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they
20 also state the facts upon which the belief is founded." *Buena Vista, LLC v. New Resource*
21 *Bank*, 2010 WL 3448561, *7 (N.D.Cal. 2010) (citing *Wool v. Tandem Computers, Inc.*, 818
22 F.2d 1433, 1439 (9th Cir. 1987)). Here, the Complaint merely states that Defendant falsely
23 represented its intention to abide by the print limitations described in the five billing requests.
24 This is not sufficient. *See Van Weelden v. Hillcrest Bank*, No. 2-CV-1833-PHX-JAT, 2011
25 WL 772522, *7 (D.Ariz. February 28, 2011) ("simply asserting that a statement was false,
26 and offering no other evidence, other than the fact that the money was not repaid, does not
27 meet the burden to set forth what is false or misleading about the statement") (citing *Yourish*,
28

- 10 -

191 F.3d at 993). The Complaint puts forward no particularized facts showing that Defendant actually exceeded the print limits provided in the billing requests. *See Nuebronner*, 6 F.3d at 672 ("a plaintiff who makes allegations on information and belief must state the factual basis for the belief").

Plaintiffs explain that they "pleaded 'upon information and belief' because Pearson alone holds the evidence of exactly when and how it exceeded the license limits." (Doc. 41 at 9.) However, that does not excuse Plaintiffs from at least providing *some* factual basis for their allegations. *Cf. Elan Microelectronics Corp*, 2009 WL 2972374, \*4 ("regardless of what knowledge may lie exclusively in the possession of Elan or others, Apple should be able to articulate at least some facts as to why it is reasonable to believe there is infringement. Simply guessing or speculating that there may be a claim is not enough"). As this Court has noted, "plaintiffs should not be allowed to conduct a discovery fishing expedition before properly stating any fraud-based claim." *Reiniger v. W.L. Gore & Associates, Inc.*, No. CV-09-8185-PCT-PGR, 2010 WL 1948588, \*3 (D.Ariz. May 12, 2010).

Moreover, while a fraud complaint may aver condition of mind "generally" under Rule 9(b), Plaintiffs do not set out any affirmative facts that would support an inference that Defendant misrepresented its intentions regarding the number of photos it would print. *See Marvullo v. Gruner & Jahr*, No. 98CIV.5000 (RLC), 2001 WL 40772 (S.D.N.Y. January 17, 2001) ("Rule 9(b) provides that fraudulent intent 'may be averred generally,'" as long as the complaint provides a factual basis that gives rise to a strong inference of intent to defraud, knowledge of the falsity, or a reckless disregard for the truth."); *Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615, 620 (N.D.Cal. 2002) ("Although intent can be averred generally under Rule 9(b), a plaintiff must point to *facts* which show that defendant harbored an intention not to be bound by terms of the contract at formation.").

Plaintiff relies on *Wood v. Houghton Mifflin Harcourt Pub. Co.*, 569 F.Supp.2d 1135, 1140 (D.Colo. 2008). In *Wood* the district court denied a motion to dismiss. The court found

1 that the complaint and the attached license letters sufficiently alleged a claim that the
2 defendant, a textbook publisher, made a false representation to the copyright owner, who
3 licensed photographs to be reproduced in a textbook. The court explained that, "[r]eading
4 these letters in the light most favorable to Wood, these statements could be construed as
5 representations that HMH would not exceed the licenses by printing more than 40,000
6 copies." *Id.* To the extent the court in *Wood* found that the existence of such an agreement
7 was itself sufficient to allege a misrepresentation, this Court disagrees. As stated above,
8 Plaintiffs have not offered any specific factual allegation that Defendant's representations
9 with respect to print quantities were intended to be, or actually were, false.

10 Plaintiffs also cite *Bergt v. McDougal Littell*, No. 06-C-4645, 2006 WL 3782919, *4
11 (N.D.Ill. December 21, 2006), in which the court found that the complaint adequately set
12 forth a claim for fraud and denied the defendant's motion to dismiss. The court noted that
13 "the amended complaint specifically alleges that McDougal falsely represented that it sought
14 to use the [plaintiff's] painting in the textbook for a print run of 40,000, when in fact it knew
15 at the time that it made that representation that its actual use would greatly exceed that
16 number" and "that as a result of that false representation, Bergt was induced to grant
17 McDougal a limited license for $200." *Id.* The court concluded that "these allegations are
18 sufficient to state a claim for fraud as they allege both a misrepresentation of material fact
19 and justifiable reliance." *Id.*

20 *Bergt* is distinguishable. In support of his allegation of fraud, the plaintiff had
21 "discovered that McDougal was still using his painting" and had "reproduced it in more than
22 1.2 million copies of the textbook." *Id.*, at *1. As already noted, Plaintiffs here have not
23 provided any specific facts in support of their claim that Defendants exceeded the print runs
24 specified in the five request letters.

25 Plaintiffs seek leave to amend their complaint in the event the court finds their claims
26 inadequately pleaded. (*See* Doc. 41 at 9–10.) The Court agrees that Plaintiffs should be given
27 an opportunity to amend their fraud claim. The Ninth Circuit has stated that "dismissals for
28

1 failure to comply with Rule 9(b) should ordinarily be without prejudice. Leave to amend
2 should be granted if it appears at all possible that the plaintiff can correct the defect." *Vess*
3 *v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1108 (9th Cir. 2003). The Court cannot conclude from
4 the record before it that amendment of Plaintiffs' fraud claim would be futile. *See Reiniger*,
5 2010 WL 1948588, *3.[3]

**III.   Venue**

Defendant contends that the Complaint should be dismissed under Rule 12(b)(3) based on improper venue, noting that certain license agreements provide for venue in other districts. (Doc. 27 at 11.) In support of this contention, Defendant attached to its motion a document entitled "Corbis Content License Agreement," dated June 2005.[4] (*Id.*, Ex. A at ¶ 21.) Plaintiffs respond that Defendant has failed to identify the licenses to which these terms and conditions apply and that the Corbis agreement covers only a small percentage of the photographs at issue. (Doc. 41 at 15.) Plaintiffs also contend that the Corbis forum selection clause is "quite narrow, and does not include Bean's copyright or fraud claims in this suit." (*Id.*)

Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a Rule 12(b)(3) motion to dismiss, the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings. *Richards v.*

---

[3] Defendant also contends that Plaintiffs fraud claim fails because the complaint does not identify "any consequent and proximate injury they suffered as a result of the purported fraud that is independent of the harm allegedly suffered as a result of purported copyright infringement." (Doc. 27 at 9, n.3.) The Court finds no support for this proposition in Arizona law.

[4] The license agreement contains the following "Choice of Law" provision: "Any dispute regarding this Agreement shall be governed by the laws of the State of New York, and by Titles 15, 17 and 35 of the U.S.C., as amended, and the parties agree to accept the exclusive jurisdiction of the state and federal courts located in New York, New York, regardless of conflicts of laws." (Doc. 27, Ex. A, ¶ 21.)

- 13 -

*Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998). In "the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

In *Murphy* the court instructed that if a party raises a genuine factual issue, the court may stay the Rule 12(b)(3) motion and hold an evidentiary hearing on the disputed facts. *Id.* at 1139. "Alternatively, the district court may deny the Rule 12(b)(3) motion while granting leave to refile it if further development of the record eliminates any genuine factual issue." *Id.*

Here, there are unresolved factual issues, including which photographs are subject to the venue provisions contained in the Corbis agreement. Therefore, the Court will deny Defendant's motion to dismiss under Rule 12(b)(3) with leave to reurge the argument if warranted by future evidentiary developments.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Case (Doc. 26) is **DENIED IN PART** with respect to Count 1, alleging copyright infringement. The motion is **GRANTED** with respect to the images contained in the compilations identified as VA 863-783, VA 863-785, VA 1-115-519, VA 1-132-628, VA 1-288-586, and VA 1-408-166.

**IS FURTHER ORDERED** that Defendant's Motion to Dismiss Case (Doc. 26) is **GRANTED** with respect to Count 2, alleging fraud.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint with respect to Count 2. The amended complaint must comply with Rule 8(a) and shall be filed no later than 30 days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss under Rule 12(b)(3) is **DENIED** without prejudice to refiling.

DATED this 17th day of May, 2011.

Paul G. Rosenblatt
United States District Judge