**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Bean, et al., | CV 11-8030-PCT-PGR |
| Plaintiffs, | |
| v. | **ORDER** |
| Pearson Education, Inc., | |
| Defendant. | |

Before the Court is Plaintiff Bean's Motion to Certify Interlocutory Appeal. (Doc. 49.) The Court previously granted in part Defendant's motion to dismiss. (Doc. 46.) Plaintiff seeks certification of the portion of that Order dismissing Plaintiff's copyright infringement claims with respect to the images contained in six compilations of photographs. Defendant opposes the motion. (Doc. 54.) For the reasons set forth below, the motion is denied.

## DISCUSSION

A district court in its discretion may certify an issue for interlocutory appeal under 28 U.S.C. § 1292(b) where (1) there is a "controlling question of law," (2) on which there are "substantial grounds for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). Because § 1292(b) is a departure from the normal rule that only final judgments are appealable, the statute "must be construed narrowly," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002), and "applied sparingly and only in exceptional cases," *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959)

1 (noting longstanding federal policy against "piecemeal appeals"). *See United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) ("The legislative history of subsection (b) of section 1292 . . . indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases.") (footnotes omitted). The party seeking certification of an interlocutory appeal has the burden to show the presence of exceptional circumstances. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474–75 (1978).

Plaintiff contends that he has satisfied that burden. In response, Defendant contends that certification is unnecessary because the issue is already under consideration by the Ninth Circuit, whose resolution of the matter will bind this Court. (Doc. 54 at 3.) The cases before the Court of Appeals are *Alaska Stock, LLC v. Houghton Mifflin Harcourt*, No. 10-36010 (9th Cir.), and *Bean v. Houghton Mifflin Harcourt*, No. 10-16771 (9th Cir.). The latter case concerns the same six photo compilations at issue in this Court's Order.[1] In his reply, however, Plaintiff states that "since Bean filed the motion to certify in this case, both of the parallel cases on appeal were settled in principle by mediation on June 8, 2011. The parties will move for dismissal of those appeals after the settlement agreements are finalized, which the parties expect to occur within 30 days." (Doc. 57 at 2.) Under these circumstances, Plaintiff states, "the issue presented in the interlocutory appeal will not be pending before any appellate court." (*Id.*)

If Plaintiff is correct and the issue will not ultimately be addressed in *Alaska Stock* or *Bean v. HMH*, then arguably the first two criteria under § 1292(b) are satisfied, in that there is a controlling question of law as to which there remain substantial grounds for difference

---

[1] The photographs are contained in compilations registered by Corbis Corporation, a stock photography licensing agency. A court in this district dismissed infringement claims based on images in these compilations, ruling that registration of the compilations was not sufficient to register the individual photographs under § 409 of the Copyright Act. *Bean v. Houghton Mifflin Harcourt Publishing Co.*, CV 10-8034-PCT-DGC, 2010 WL 3168624 (D. Ariz. August 10, 2010). This Court relied on that ruling in dismissing Plaintiff's copyright infringement claims with respect to the photos in the compilations. (Doc. 46 at 4–5.)

- 2 -

of opinion. (*See* Doc. 49 at 3–4.) However, Plaintiff has not shown that immediate appeal with respect to that single issue will materially advance the termination of this litigation. Regardless of the outcome of the appeal, further litigation will be required to resolve Plaintiff's remaining copyright infringement claims. *See Costar Group Inc. v. LoopNet, Inc.*, 172 F.Supp.2d 747, 750 (D.Md. 2001) (denying interlocutory appeal based on "general policy against piecemeal appeals in the course of ongoing litigation, especially where even a resolution in [plaintiff's] favor on appeal would not prevent a trial as to other issues still outstanding"); *Negrete v. Allianz Life Ins. Co. of N. America*, Nos. CV 05-6838 CAS (MANx), CV 05-8908 CAS (MANx), 2010 WL 4536779, at *7 (C.D.Cal. November 01, 2010); *Jackson v. Placer County*, No. CIV. S-05-79 FCD KJM, 2007 WL 2127528, at *3 (E.D.Cal. July 24, 2007).

Plaintiff states that if the Court of Appeal reverses, he "will only require additional discovery on the specific textbooks at issue in the revived claims, which should not delay any trial date the Court sets." (*Id.*) However, speculation that an interlocutory appeal will not delay resolution of the case falls short of showing that an appeal will materially advance the termination of the litigation.

In sum, Plaintiff has not satisfied his burden of establishing that the issue on which he seeks interlocutory appeal is the type of exceptional circumstances that would warrant departure from the basic policy of postponing appellate review until after the entry of a final judgment.

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion to Certify Interlocutory Appeal (Doc. 49).

DATED this 27th day of June, 2011.

Paul G. Rosenblatt
United States District Judge

- 3 -