**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tom Bean, et al., | ) | CV 11-8030-PCT-PGR |
| Plaintiffs, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| Pearson Education, Inc., | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Motion for Entry of Protective Order. (Doc. 47.) Plaintiffs filed a response opposing the protective order to the extent it designates as "confidential" or "counsel only material" information concerning the print quantities of Defendant's publications. (Doc. 55.) Defendant filed a reply. (Doc. 61.) For the reasons set forth below, the motion is granted.

## DISCUSSION

Federal Rule of Civil Procedure 26(c) provides that upon a showing of "good cause" a court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex re. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). If a court finds that particularized harm will result from disclosure, then it balances the public

and private interests to decide whether a protective order is necessary. *Id.* at 1211.

Defendant asserts that a protective order is necessary because information about the print quantities of its materials is "commercially sensitive," as demonstrated by its "efforts to maintain the confidentiality of, and restrict internal access to," such information. (Doc. 47 at 2–3.) According to declarations submitted in support of the motion, disclosure of print dates and quantities "would reveal trends in Pearson's publication cycles and market share, as well as Pearson's competitive strategies." (*Id.*, Ex. D at 1.) The information would be valuable to Defendant's competition because it "reveals Pearson's expectations and sales strategies" and its "interest in growing market share for a particular textbook/course or segment of the marketplace." (*Id.* at 2.)

Defendant also notes that the protective order includes a provision allowing "[a] party objecting to the designation of any information as Confidential or Counsel Only . . . [to] move for an Order vacating the designation." (Doc. 47, Ex. A, ¶13.) The proposed order further provides that any material a party publicly discloses loses its confidential status. (*Id.*, ¶16.)

Plaintiffs argue that Defendant has not met its burden of showing "good cause" to protect the information. They contend that Defendant has waived any claim that information about its print run quantities must be excluded from the public record because it has failed to maintain the information as confidential but "has, for years, publicly disclosed printing numbers for its textbooks." (Doc. 55 at 8.) For the same reason, Plaintiffs dispute Defendant's contention that disclosure of such information would cause competitive harm. (*Id.*) Finally, Plaintiffs assert that the public interest in open records outweighs any potential harm to Defendant. (*Id.*)

In reply, Defendant reiterates its position that the print run information is commercially sensitive. (Doc. 61 at 2–3.) Defendant further asserts, contrary to Plaintiffs' representations, that it takes steps to guard the confidentiality of print run information by

routinely requiring recipients of such information, including third parties and the company's own employees, to execute non-disclosure agreements. (*Id.*; *see* Doc. 47, Exs. D, E.) Defendant argues that the instances cited by Plaintiffs consisted of "limited disclosure of print run information for particular publications" and do not demonstrate that such information is publicly available. (*Id.*)

Defendant also notes that its argument regarding print run confidentiality has been accepted by other courts. For example, in a parallel case from the Southern District of New York, *Wu v. Pearson Education, Inc.*, No. 09-6557 (S.D.N.Y.), a magistrate judge ruled that Pearson "has established the commercial sensitivity of its print runs and related information." (Doc. 48, Ex. F.) Defendant also cites two cases from the Eastern District of Pennsylvania in which the courts concluded that print run information was confidential, *Grant Heilman Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 10-CV-00584 (E.D. Pa.), and *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, No. 11-CV-01665 (E.D. Pa.). (*See* Doc. 61, Ex's A, B.)

Finally, Defendant cites *Degginger v. Pearson Education, Inc.*, No. 11-CV-01302-GP (E.D. Pa.), a case in which Plaintiffs' counsel agreed to the same protective order proposed by Defendant here. (Doc. 61 at 8; *see id.*, Ex. C.) While Plaintiffs indicate that counsel "intends to challenge any designation of Pearson's print runs as 'Confidential' in the *Degginger* case" (Doc. 55 at 8), presumably they will do so under the provision contained in the protective order itself, which allows the parties to object and move to vacate any designation of material as confidential. (*See* Doc. 47, Ex. A, ¶13.)

The Court concludes from the entirety of the record before it that Defendant has shown good cause to enter the proposed protective order. The Court can discern no countervailing public interest that outweighs Defendant's interest in maintaining the confidentiality of its print run numbers. *Cf. Jensen Enterprises v. Oldcastle Precast, Inc.*, No. 06–247 SI, 2010 WL 3504967, at *2 (N.D.Cal. September 7, 2010).

1    Accordingly,

2        **IT IS HEREBY ORDERED granting** Defendant's Motion for Entry of Protective

3   Order (Doc. 47).

4        DATED this 27th day of June, 2011.

5

6

7                                    Paul G. Rosenblatt
                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28