1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Bean, et al., | CV 11-8030-PCT-PGR |
| Plaintiffs, | |
| v. | **ORDER** |
| Pearson Education, Inc., | |
| Defendant. | |

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint. (Doc. 68.) Defendant opposes the motion. (Doc. 81.)

Plaintiffs filed a complaint on February 25, 2011, alleging copyright infringement and fraud. (Doc. 1.) The Court denied Plaintiffs' motion for a preliminary injunction and granted in part Defendant's motion to dismiss. (Docs. 29, 46.) Plaintiffs filed an amended complaint on June 14, 2011. (Doc. 56.) Defendant filed an answer on July 1. (Doc. 66.)

Plaintiff's seek leave to file a second amended complaint in order to correct "an unintentional and inadvertent mistake in the editing process" by which the following sentence, present in the original complaint, was omitted from the first amended complaint: "Upon information and belief, Pearson exceeded the permitted uses under the terms of the limited licenses granted by the Plaintiffs." (Doc. 68; *see* Doc. 1, ¶ 16; Doc. 56.)

Rule 15(a) of the Federal Rules of Civil Procedure provides that a plaintiff should be given leave to amend his complaint when justice so requires. Requests for leave are generally granted with "extreme liberality." *Moss v. United States Secret Serv.*, 572 F.3d 962, 972 (9th

Cir. 2009). However, granting leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001) (citation omitted).

Defendant argues that Plaintiffs intentionally omitted the sentence in acknowledgment of the lack of support for their claim that Defendant committed infringement with respect to all of Plaintiffs' licensed photographs. The Court rejects this argument as grounds for departing from the policy in favor of liberal amendment. Defendants have not shown bad faith or prejudice. Further, as set forth in the Court's order denying in part Defendant's motion to dismiss the copyright infringement claims, Defendant has not shown that it would be futile for Plaintiffs to amend their complaint to reinsert the sentence omitted from the first amended complaint.

Defendant requests the Court to amend its scheduling order to accommodate the filing of a second amended complaint. In its scheduling order the Court extended the deadlines proposed by Defendant, including the discovery deadlines. Defendant has not shown that reinsertion of the omitted sentence will be so burdensome as to render those deadlines impracticable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 68) is **GRANTED.**

DATED this 16th day of August, 2011.

Paul G. Rosenblatt
United States District Judge