**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Bean, et al., | CV 11-8030-PCT-PGR |
| Plaintiffs, | |
| v. | **ORDER** |
| Pearson Education, Inc., | |
| Defendant. | |

Before the Court is Plaintiffs' Motion for Leave to File Third Amended Complaint. (Doc. 110.)

Plaintiffs filed a complaint on February 25, 2011, alleging copyright infringement and fraud. (Doc. 1.) The Court granted in part Pearson's motion to dismiss. (Doc. 46.) Plaintiffs filed an amended complaint on June 14, 2011, and a second amended complaint with the Court's leave on August 16, 2011 (Docs. 84, 85).

Plaintiffs seek permission to file a third amended complaint to add registration information for two images that were recently assigned registration numbers and to add 47 new fraud claims based on information produced during discovery. Pearson opposes the motion to the extent Plaintiffs seek to raise additional fraud claims. (Doc. 115.)

"The court should freely give leave when justice so requires." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). This policy is applied with "extreme liberality." *Id.* A court considers five factors to determine whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether

1 the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808
2 (9th Cir. 2004). Prejudice to the opposing party is the "touchstone of the inquiry under rule
3 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Absent
4 prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) in
5 favor of granting leave to amend. *Id.* Delay alone is insufficient to justify denial of leave to
6 amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

7 Pearson contends that Plaintiffs unreasonably delayed in seeking leave to file a third
8 amended complaint and that it would suffer prejudice if leave were granted. These arguments
9 are not persuasive.

10 With respect to delay, Pearson argues that the additional facts on which Plaintiffs base
11 their new fraud claims were available "months before they sought leave to amend." (Doc.
12 115 at 5.) Plaintiffs note, however, that although they possessed Pearson's request letters and
13 invoices and were given access to Pearson's license files, they did not possess the forecasting
14 documents necessary to support their claims that Pearson falsely represented its intended uses
15 of Plaintiffs' photographs. Pearson has provided these documents on a rolling basis from
16 January 2012 to the present; according to Plaintiffs, Pearson's disclosure of the forecasting
17 documents is incomplete and ongoing. (*See* Doc. 110, Ex. A.) The Court therefore finds that
18 Plaintiffs timely raised the new fraud claims upon receiving this recent discovery.

19 Pearson also asserts that it will be unduly prejudiced by the filing of a third amended
20 complaint because it will be denied an opportunity to conduct discovery on Plaintiffs' new
21 claims. The party opposing amendment bears the burden of showing prejudice. *DCD*
22 *Programs*, 833 F.2d at 187. Pearson has not met this burden.

23 Plaintiffs' new claims will not alter the nature of the litigation or force Pearson to
24 undertake a new defense. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074,
25 1079 (9th Cir. 1990). Here, the nature of the litigation is not altered because Plaintiffs' new
26 fraud claims are substantially similar to the issues already in the suit; i.e., allegations that
27 Pearson made false representations regarding the scope of its intended uses of Plaintiffs'
28 photographs. *See Robert Half Intern. Inc. v. Murray*, No. 1:07-cv-00799-LJO-SMS, 2008

1  WL 2610793, at *6 (E.D.Cal. 2008). Also, as Plaintiffs note, Pearson will not be overly
2  burdened with respect to discovery because the information on which the new claims are
3  based is contained in materials—request letters, license agreements, and forecasting
4  documents—already in Pearson's possession and which Pearson has disclosed or is in the
5  process of disclosing.

6      The remaining factors also favor leave to amend. Pearson does not argue, and the
7  Court does not find, that leave is sought in bad faith or that amendment would be futile.
8  Although Plaintiffs previously filed an amended complaint, the second amended complaint
9  simply corrected an inadvertent drafting error. (*See* Doc. 84.)

10      If Plaintiffs are granted leave to file a third amended complaint, Pearson requests a
11  three-month extension of the discovery deadline, which had been set for April 24, 2012. (*See*
12  Doc. 106.) On April 18, the Court held a telephone conference on the parties' discovery
13  disputes, and on May 10, Plaintiffs filed a motion to compel. (Doc. 118.) The Court will
14  address these discovery issues in a forthcoming order.

15      Accordingly,

16      **IT IS HEREBY ORDERED** granting Plaintiffs' Motion for Leave to File Third
17  Amended Complaint (Doc. 110).

18      DATED this 15th day of May, 2012.

Paul G. Rosenblatt
United States District Judge

- 3 -