**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Bean, et al., ) | CV 11-8030-PCT-PGR |
| Plaintiffs, ) | |
| ) | **ORDER** |
| v. ) | |
| Pearson Education, Inc., ) | |
| Defendant. ) | |

Before the Court are Defendant's Motion to File Under Seal and Notice of Withdrawal of Certain Confidentiality Designations (Doc. 134) and Motion to File Under Seal Exhibit to Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel (Doc. 135).

## BACKGROUND

Defendant Pearson, a publisher of educational materials, obtained licenses to print Plaintiffs' photographs. Plaintiffs allege that Pearson committed copyright infringement and fraud by knowingly printing the photographs in excess of the license terms.

On May 10, 2012, Plaintiff filed a Motion to Compel and a Notice of Lodging of Sealed Documents. (Docs. 118, 119.) The lodged documents are Exhibits B (Doc. 120), C (Doc. 121), and D (Doc. 122) to the Motion to Compel. The exhibits consist of Pearson's Second Supplemental Responses to Plaintiffs' Second Set of Requests for Admissions (Doc. 120) and the deposition testimony of Pearson designees Sindhu Thomas and William Hess

(Docs. 121, 122.)

Pearson seeks an order authorizing the filing under seal of its second supplemental responses, portions of the deposition testimony of Thomas and Hess, and portions of Plaintiffs' Separate Statement pursuant to Local Rule 37.1 (Doc. 118, Ex. 2), which contains quotes from the deposition testimony.

Pearson has deemed this information "confidential" pursuant to the protective order previously entered by the Court (Doc. 64)[1] and argues that good cause exists to seal the materials (Doc. 134). Pearson also seeks to file under seal an exhibit to its response to Plaintiffs' motion to compel. (Docs. 135, 137.)

## **DISCUSSION**

Non-dispositive documents and exhibits may be sealed if the party shows "good cause" for limiting access. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). For good cause to exist, the party seeking protection bears the burden of showing that specific prejudice or harm will result if the materials are not filed under seal. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."[2] *Id.*; *see San Jose Mercury News, Inc.*, 187 F.3d at 1102 (holding that to

---

[1] The protective order allows a party to designate information as "confidential" based on a good faith belief that the material:
includes non-public confidential, proprietary, commercially sensitive, or trade secret information, including print quantities, publication dates, printing, sales, or distribution estimates and projections, costs, expenses, revenues, profits, relationships with vendors, corporate policies or procedures, or similar non-public information the parties have taken reasonable steps to keep secret, the disclosure of which would lead to competitive, commercial, or economic harm.
(Doc. 64, ¶ 12.)

[2] Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that upon a showing of "good cause" a court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

- 2 -

1  gain a protective order the party must make "particularized showing of good cause with
2  respect to any individual document"). "If a court finds particularized harm will result from
3  disclosure of information to the public, then it balances the public and private interests" to
4  decide whether the information should be filed under seal. *Phillips ex rel. Estates of Byrd v.*
5  *General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

6        Pearson argues that the materials at issue contain "commercially sensitive"
7  information concerning print quantities and dates, public disclosure of which would cause
8  "significant competitive harm to Pearson in the market." (Doc. 134, Ex. A, Declaration of
9  William Hess, Vice President & CFO, Pearson School Group, ¶ 4.) Disclosure of print run
10 information "would provide Pearson's competitors with insight into the methods and
11 processes by which Pearson conducts its business and would reveal Pearson's sensitive sales
12 data." (Doc. 134 at 4.) According to Pearson, "the actual print quantities reveal Pearson's
13 sales strategy by showing how many copies of a particular textbook Pearson expected to sell.
14 For the same reason, print quantities reveal Pearson's interest in growing market share for
15 a particular textbook/course or segment of the marketplace." (*Id.*, Ex. B, Declaration of John
16 Owen, Senior Vice President & CFO, Pearson Arts & Sciences, ¶ 5).

17       The Court addressed these arguments in its order granting the protective order, finding
18 no "countervailing public interest that outweighs Defendant's interest in maintaining the
19 confidentiality of its print run numbers." (Doc. 63 at 3.)

20       Pearson also seeks protection for its nonpublic financial, sales, and distribution
21 information, sales and marketing forecasts, and licensing practices and corporate policies.
22 Pearson argues that this information would be "extremely valuable to competitors" because
23 it reveals Pearson's market research, financial feasibility assessments, sales and distribution
24 projections, publication cycles, profit and sales margins, market share, and competitive
25 strategies. (Hess Decl., ¶ 6; *see* Owen Decl., ¶¶ 6–7.) Information concerning Pearson's sales
26 and marketing forecasts would reveal "Pearson's assessment of curricular alternatives and
27 interest in growing its market share for a particular textbook, course, or segment of the
28 marketplace, thereby providing its customers with a roadmap to compete more effectively

with Pearson." (Hess Declaration, ¶ 7.)

In support of its argument that the information at issue is nonpublic and commercially sensitive, Pearson details the steps it takes to protect the information. Pearson "routinely requires potential recipients of such information to execute non-disclosure agreements." (Hess Decl., ¶¶ 9-10; Owen Decl., ¶¶ 8–9.) According to Pearson, its vendor agreements often contain nondisclosure provisions and it "routinely insists on confidentiality agreements with third parties, including authors and printers." (Hess Decl., ¶ 9; Owen Decl. ¶ 9.) Courts have found such efforts persuasive in determining whether good cause exists to protect information as confidential. *See Grant Heilman Photography, Inc. v. Pearson Education, Inc.*, No. 11-cv-4649, 2012 WL 1521954, at *8 (E.D.Pa. April 30, 2012). While Plaintiffs note instances in which Pearson disclosed print quantities and dates without requesting that the information be kept confidential (Do.119, at 6), the Court finds that "the limited disclosure of certain print quantity information to several third-parties . . . does not mean such information is publicly available, or that Pearson has no interest in maintaining its confidentiality, or that the print quantity information of all Pearson's publications is publicly available." *Grant Heilman Photography*, 2012 WL 1521954, at *8.

The Court finds that Pearson's representations concerning the disclosure of nonpublic financial information and sales and marketing forecasts are sufficient to show particularized harm. *Id.*, at *5–6.[3] Good cause therefore exists to seal portions of the materials Pearson has designated as confidential. From the Court's review of the materials, this commercially

---

[3] The court in *Grant Heilman Photography* drew a distinction between nonpublic financial information and sales and marketing projections, which provide "*direct* insight into Pearson's inner-workings," and print run information, which reveals "*indirect*, *secondary* evidence of Pearson's sales strategies." 2012 WL 1521954, at *6, *8. The court granted a protective order covering both categories of information based on depositions from Hess and Owen. *Id.* By contrast, in *Jon Feingerish Photography, Inc. v. Pearson Education, Inc.*, --- F.R.D. ----, 2012 WL 957534 (E.D.Pa. 2012), the court granted a protection order with respect to sales and marketing projections but not print run information; *see Clifton v. Pearson Education, Inc.*, CV 11-03640-EJD (PSG), 2012 WL 1669362 (N.D.Cal. May 11, 2012).

sensitive information is contained in Pearson's Second Supplemental Responses to Plaintiffs' Second Set of Requests for Admissions (Doc. 120), portions of Plaintiff's Separate Statement (Doc. 118, Ex. 2 at 14–19), and portions of the deposition of William Hess (Doc. 122 at 65–66, 91–93, 173–77, 225–49). The Court will grant Pearson's motion to have these materials filed under seal. Pearson has not, however, articulated a basis for sealing the deposition testimony of Sindhu Thomas (Doc. 121) or the remaining portions of Plaintiffs' Separate Statement or the Hess deposition, and the Court will deny Pearson's request to seal those materials.

Pearson also has designated as confidential and seeks to file under seal Exhibit D to its response to the motion to compel. (Doc. 137.) The exhibit is a "watchlist" document—i.e., a directive issued to initiate removal of Plaintiffs' photographs from Pearson's publications. (Doc. 135 at 3.) According to Pearson, good cause exists to protect watchlist directives as confidential because disclosure "would harm Pearson by revealing Pearson's corporate strategies and licensing and photo removal practices, as well as its vendor relationships." (*Id.*) The Court agrees that good cause exists, and will grant Pearson's motion to file the exhibit under seal.

Accordingly,

IT IS HEREBY ORDERED that Pearson's Motion to File Under Seal and Notice of Withdrawal of Certain Confidentiality Designations (Doc. 134) is granted in part. The following materials shall be filed under seal: Doc. 120; Doc. 118, Ex. 2; and Doc. 122.

IT IS FURTHER ORDERED that Defendant shall filed redacted versions of Doc. 118, Ex. 2 (redacting pages 14–19) and Doc. 122 (redacting pages 65–66, 91–93, 173–77, and 225–49).

/ / /

/ / /

/ / /

- 5 -

1    IT IS FURTHER ORDERED that Pearson's Motion to File Under Seal (Doc. 135) is
2 granted. The following document shall be filed under seal: Exhibit D to Defendant's
3 Memorandum of Law in Opposition to Plaintiffs' Motion to Compel bearing Bates No.
4 D00022768-69 (Doc. 137).
5    DATED this 18th day of July, 2012.

```
                    _____
                    Paul G. Rosenblatt
                    United States District Judge
```