**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tom Bean, et al., ) | CV 11-8030-PCT-PGR |
| Plaintiffs, ) | |
| v. ) | **ORDER** |
| Pearson Education, Inc., ) | |
| Defendant. ) | |

The parties in this copyright infringement action have filed motions to compel. (Doc's 118, 127.) After hearing oral argument the Court ordered supplemental briefing on the motions. The briefing was completed on September 19, 2012. The Court rules on the motions as follows.

**I.      Plaintiffs' Statement of Outstanding Discovery**

According to Plaintiffs' supplemental brief (Doc. 156), outstanding disputes exist with respect to the several categories of discovery. While the parties have worked together to resolve a number of issues, these disputes have persisted throughout the case and are central to Plaintiffs' claims.

As described below, with respect to many of Plaintiff's discovery requests Pearson states that it has produced all the information in its possession. Plaintiffs have not offered evidence to contradict these assertions, and the Court cannot compel Pearson to produce information it does not have. However, the Court will direct Pearson to continue searching for responsive information and produce any it locates.

1
2
3
4

With respect to the remaining issues, the Court will order Pearson to produce forecast information and to respond completely to Plaintiffs' requests for admissions. The Court will also grant Plaintiffs' request to reconvene the Rule 30(b)(6) depositions, as well as Pearson's request to reconvene its depositions of Plaintiffs.

5

**Use information for selected publications:**

6
7
8
9
10
11
12
13

According to Plaintiffs, Pearson has not provided any use information for 10 publications described in their complaint. Pearson indicates that, "[d]espite its best efforts," it has been unable  produced use information for nine titles. Images in these title correspond to 20 claims, out of a total of 757 claims in the suit. Pearson posits several explanations for its inability to locate the ISBNs—the publications are older and/or out of print, the Complaint fails to describe the publications with adequate specificity, or the books in question were not published by Pearson. Pearson states that six of the nine publications at issue "were published between 1986 and 1996, thereby predating many systems, records, and personnel."

14
15
16

The Court will deny Plaintiffs' request. Plaintiffs have not offered evidence contradicting Pearson's claim that it cannot locate the information concerning these nine titles. Pearson shall continue to search for responsive information and produce any it finds.

17

**Take down dates for specific web uses:**

18
19
20
21
22
23
24

Plaintiffs request documents reflecting the take-down dates of its web uses of the photographs at issue. According to Plaintiffs, Pearson produced a spreadsheet reflecting the end date for its Internet display of some, but not all, publications. Plaintiffs cite photographs licensed through Invoices 3119A and B, which require web use to cease on or before May 21, 2010. Pearson responds that, "[t]o the extent Pearson has documentation reflecting take down dates for the electronic products in suit, that information is contained on the reports it produced."

25
26
27

Plaintiffs have not offered evidence contradicting Pearson's claim that it cannot locate the additional information. Again, the court cannot compel Pearson to produce records it does not have. This request is denied.

28

- 2 -

1

**Keys for specific documents:**

2

3

4

5

6

7

8

Plaintiffs request that Pearson provide keys that would allow Plaintiffs to use Pearson's SuccessNet validation charts, which show the number of users who viewed the publications online, and the ImageTracker II Simplified Image Log, which shows Pearson's use of Plaintiffs' images. Pearson had not produced a key for the SuccessNet charts. According to Plaintiff, the keys Pearson provided for the Image Tracker log do not allow Plaintiffs to connect the data contained in the chart—the "tracking numbers"—to the publications or invoices at issue.

9

10

11

Pearson responds that the key created and provided to the ImageTracker II report "allows Plaintiffs to link the entries in the report with the associated ISBNs." Pearson also states that it cannot generate a key to the SuccessNet report.

12

13

14

15

Given these representations, the Court will deny Plaintiffs' request. Pearson's production of the ImageTracker II report and key complies with Rule 34(b)(2)(E)(ii). To the extent that the report requires additional effort to compare the entries in the report to the ISBNs, the Court finds that the burden is properly borne by Plaintiffs.

16

**Information regarding downloadable e-books:**

17

18

19

20

21

22

23

Plaintiffs request documents reflecting the number of copies of Plaintiffs' images used in electronic formats, including downloadable e-books sold through third parties such as Amazon. Pearson provided data reflecting data for its direct sales of downloadable e-books but, according to Plaintiffs, it has not produced documents reflecting sales quantities or revenue of e-books sold through third parties. Plaintiffs also state that Pearson's Rule 30(b)(6) designee Ms. Thomas was also unable to answer questions regarding sales of downloadable e-books.

24

25

26

27

Pearson responds that its "comprehensive revenue and expense reports include information for sales of ebooks made through third parties like Amazon." Pearson further notes that "Plaintiffs never questioned Bill Hess, Pearson's corporate designee on revenues

28

1

2

3

and expenses, about whether the reports included information for third party sellers" and asserts that "Plaintiffs' assumption that these reports did not include information for sales by third party sellers is simply incorrect."

4

The Court will deny Plaintiffs' request for additional documents.

5

**Documents reflecting use of the images in non-English publications:**

6

7

8

9

10

11

Plaintiffs contend that Pearson has not divulged all of the languages of publications in which their images have been distributed and has refused to produce documents about translations into other languages. Plaintiffs also claim that Pearson's Rule 30(b)(6) witness was unable to fully respond to the topic and had no knowledge of publications in languages other than English, Spanish, and Creole. Plaintiffs assert that the information might show that Pearson is liable for contributory or vicarious copyright infringement.

12

13

14

15

16

Pearson states that it has identified all of its translations of the books in suit and that "it did not publish in suit in any language other than those expressly authorized in Plaintiffs' invoices"–i.e., English, Spanish, and Haitian Creole. In addition, Pearson opposes Plaintiffs' request to the extent that it is "directed to translations made by unidentified third parties" to support potential claims for contributory or vicarious infringement.

17

18

19

The Court will deny this request. Pearson states that it has produced all relevant information. Moreover, as Pearson notes, Plaintiffs have not raised claims for contributory or vicarious infringement.

20

**Complete financial data:**

21

22

23

24

25

26

27

Plaintiffs request that the Court enter an order compelling production of complete sales revenue, including pre-2001 financial data, and financial data for infringing geographic distribution, languages, and unlicensed media. Plaintiffs acknowledge that Pearson has produced spreadsheets reflecting financial data for most of the publications at issue. They contend, however, that data is missing for some publications and inaccurate for others. Plaintiffs also assert that the documents do not address which revenues are attributable to

28

1  sales outside of North America, sales of publications in languages other than English, and
2  e-book sales.

3      Pearson counters that it has "produced the data available in its systems," including
4  "reports reflecting its revenues and expenses associated with its sale of the publications in
5  suit in the format requested by Plaintiffs," including pre-2001 data "to the extent available."
6  According to Pearson, these documents "reflect not only the sales of particular ISBNs, but
7  also the number of gross and net units sold as well as the number of sample or free goods
8  distributed." Pearson also states that it has produced "comprehensive reports about its sale
9  or distribution of the publications in suit outside of the United States, including the number
10 of gross, net, and sample units distributed."

11     Again, Pearson represents that it has produced all the data it possesses. The Court
12 cannot order it to produce information it does not have. This request is denied.

13     **Forecasts and related correspondence:**

14     Plaintiffs contend that Pearson has not fulfilled its promise to produce additional
15 forecast documents after the Court granted Plaintiffs' motion to file a third amended
16 complaint. Pearson did provide a spreadsheet identifying forecasted print amounts, but
17 Plaintiffs assert that the information does not cover all of the publications at issue and does
18 not include geographic distribution, media use, or language projections. Plaintiff also contend
19 that Pearson has failed to produce any correspondence regarding use forecasts, even though
20 its Rule 30(b)(6) witness testified that such correspondence existed, and despite agreeing to
21 conduct an ESI search to locate responsive documents.

22     Pearson indicates that it is willing "to supplement its production with any additional
23 documents located." The Court will grant Plaintiffs' request. Pearson shall produce any
24 correspondence concerning the use of forecasts.

25     **Unqualified responses to requests for admission:**

26     Plaintiffs assert that Pearson has not fully answered Plaintiffs' requests for

27

28

- 5 -

1
2
3
4
5

admissions, which ask, for each textbook at issue, that Pearson "admit that you printed more than the licensed amount of [XXXXX] copies of the Image described in Row [XX] of Exhibit [A-1 or A-2] to the Complaint." Pearson instead responded: "it is admitted only that Pearson caused to be printed more than [XXXXX] copies of the publications within said program believed to contain the photograph described in row [XX] of Exhibit A."

6
7
8
9
10
11
12
13

Pearson's responses reflect its position that Plaintiffs' requests for admission concerning its printing of more than the licensed number of copies of the images "require Pearson to draw a legal conclusion that goes to the ultimate issue in the litigation." According to Pearson, "Because the parties' license agreements are formed through the exchange of documents rather than any one written agreement, a request to admit a 'licensed' quantity necessarily calls for a legal conclusion about the scope of the license." Plaintiffs counter that the requested admissions concern facts—the number of copies Pearson licensed and whether Pearson printed more than that amount—rather than legal conclusions.

14
15
16
17

The Court agrees with Plaintiffs. Rule 36(a)(1) expressly permits requests for admission regarding "the application of law to fact," which is what the requests for admissions seek. Therefore, the Court will require Pearson to provide complete responses to Plaintiffs's requests for admissions.

18

**Requested relief:**

19
20
21
22
23
24
25

Plaintiffs seek an extension of the discovery deadline in order to reconvene their Rule 30(b)(6) deposition. They cite several reasons for this request, including Pearson's late production of documents and the inability of Pearson's 30(b)(6) witness "to provide testimony on numerous areas of inquiry, including Pearson's downloadable e-book sales, use of the photographs in foreign language publications, Pearson's decision to continue to distribute infringing publications, and the factual basis for Pearson's affirmative defenses."

26
27

In its response, "Pearson agrees to make its corporate designee(s) available for an additional deposition with respect to these [late produced] documents." The Court will grant

28

1  Plaintiffs' request to reconvene the Rule 30(b)(6) deposition.

2  Plaintiffs also seek an award of sanctions under Rule 37(d) and 37(a)(5)(A) for having

3  to conduct a second Rule 30(b)(6) deposition and having to file a second motion to compel.

4  The Court will deny this request. Pearson's corporate designees did not fail to appear, and

5  there has been no showing that the discovery dispute is not genuine or that Pearson has acted

6  in bad faith.

7  **II.      Pearson's Statement of Outstanding Discovery**

8  In its supplemental brief (Doc. 160), Pearson contends that Plaintiffs should be

9  compelled to produce documents and reports reflecting fees received to license photographs

10  in suit. Specifically, Pearson seeks the production of documents and reports of electronically

11  stored information in Plaintiffs' databases reflecting the fees Plaintiffs have accepted from

12  other licensees for the photographs at issue. Pearson asserts that the information is relevant

13  to Plaintiffs' claim for damages under the Copyright Act. Plaintiffs respond that they have

14  disclosed all of the relevant information, including all of Plaintiff Bean's invoices to other

15  publishers for the images in suit and Plaintiff Kunkel's licensing fee schedule, with only the

16  identity of the publisher redacted.

17  The Court will deny Pearson's request to compel additional production. Plaintiffs have

18  adequately disclosed third-party license fees.

19  Pearson also seeks to reconvene the depositions of Plaintiffs, stating that more than

20  half of Plaintiffs' document production occurred after the close of discovery. Plaintiffs

21  object. They assert that many of the documents produced after Plaintiffs' depositions did not

22  contain new information, but instead reflected data Pearson already had, either in its own

23  records or in documents previously produced by Plaintiffs in other formats. Plaintiffs further

24  contend that Pearson could have requested other documents prior to the deposition, and is

25  not entitled to a second round of depositions because of its own delay.

26  The Court agrees that Pearson should be allowed to reconvene its depositions

27

28

1  following the complete production of documents. Therefore, the Court will grant this request.

2      Accordingly,

3      IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel (Doc. 118) is granted

4  in part.

5      IT IS FURTHER ORDERED that Defendants' Motion to Compel (Doc. 127) is

6  granted in part.

7      DATED this 14th day of November, 2012.

8

9

10     Paul G. Rosenblatt
       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -