**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tom Bean, et al., | ) | CV 11-8030-PCT-PGR |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| Pearson Education, Inc., | ) ) | |
| Defendant. | ) ) | |

    Before the Court are Defendant Pearson's motions to seal. (Docs. 168, 175, 187, 191.) Plaintiffs oppose. For the reasons set forth below, the motions are granted in part.

    Pearson, a publisher of educational materials, obtained licenses to print Plaintiffs' photographs. Plaintiffs allege that Pearson committed copyright infringement and fraud by knowingly printing the photographs in excess of the license terms.

    On May 10, 2012, Plaintiff filed a Motion for Partial Summary Judgment and a Notice of Lodging of Sealed Documents. (Docs. 165, 166.) The sealed documents are Exhibits A through J, lodged at docket 167. The exhibits consist of reports from Pearson's Global Rights Distribution Warehouse ("GRDW"), which identify educational program components and reflect print quantity and print date information (Doc. 167, Ex's C, D, E, F); geographic distribution reports reflecting Pearson's sale or distribution of the publications at issue outside of the United States (*id.*, Ex's G, H, I); Plaintiffs' summary reports of data from Exhibits C through I (*id.*, Ex's A, B); and excerpts of the Rule 30(b)(6) deposition testimony of William Hess (*id.*, Ex. J).

Pearson has deemed these exhibits, along with another excerpt from Hess's deposition testimony, "confidential" pursuant to the protective order previously entered by the Court, and argues that compelling reasons exist maintain their confidentiality. (Docs. 168, 175; *see* Doc. 173, Ex. H.)

On March 12, 2013, Plaintiffs filed a reply memorandum in support of their Motion for Partial Summary Judgment, along with a Notice of Lodging of Sealed Documents. (Docs. 182, 183.) Pearson filed a motion (Doc. 187) to seal additional excerpts of Hess's deposition testimony concerning Pearson's "non-public policies, procedures, and systems for licensing third-party stock photographs, including its internal audits of those policies, procedures, and systems" and "print quantities for certain of the publications at issue," as well as portions of Plaintiffs' reply memorandum quoting that testimony (Doc. 183, Ex. A, at 64:15–65:7, 110:4–19, 114:13–115:17, 155:7–16, 265:22–266:10). (Doc. 187.)

On March 27, Plaintiffs filed a Notice of Lodging of Sealed Documents along with their response in opposition to Pearson's Cross-Motion for Summary Judgment. (Docs. 185, 186.) Pearson filed a motion (Doc. 191) to seal the following documents: GRDW reports that "identify the components of Pearson's educational programs and reflect session-by-session print quantity and date information for each such component (Doc. 186, Ex's A-1 and A-2) and excerpts Hess's deposition testimony (*id.*, Ex. B at 262:6–267:20); reports and documents reflecting Pearson's sales and marketing forecasts and projections (*id.*, Ex. D, E, G, I, J, L, and O), and excerpts of Hess's deposition testimony concerning Pearson's forecasting policies and procedures (*id.*, Ex. B, at 62:22–63:25; Doc. 190, Ex. P at 65:9–66:11, 92:6–93:6, 173:17–174:7); reports reflecting Pearson's sale or distribution of the publications at issue outside the United States (*id.*, Ex. P); and portions of Plaintiffs' response to Pearson's Cross-Motion for Partial Summary Judgment that refer to or quote the exhibits and testimony (Doc. 186).

## **DISCUSSION**

There is a strong presumption in favor of public access to court documents. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record attached to a dispositive motion "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* This means "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal quotations omitted). These compelling reasons must be shown even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* at 1179. The party moving to seal bears the burden of proof for each particular document it wishes to seal. *Foltz v. State Farm Mutual Auto. Ins.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

Compelling reasons to seal a typically exist when such court files might become "a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citation omitted).

A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts, Inc.*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b). Courts have found that a compelling reason to seal exists to prevent information from being used "as sources of business information that might harm a litigant's competitive standing." (*Id.*) (quoting *Nixon*, 435 U.S. at 598); *see TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, No. CV-09-1531-PHX-JAT, 2011 WL 6182346, at *2 (D.Ariz. December 13, 2011).

In support of their motion to seal, Pearson has attached declarations from Elaine Soares, Director of Image Resources, and Mr. Hess, Senior Vice President & CFO, Pearson School Group. (Doc 169-1, Ex's A, B). Ms. Soames attests that the GRDW report and the reports documenting Pearson's sales or distribution of the publications outside of the United States "were prepared by Pearson solely for purposes of this litigation and to the specifications of Plaintiffs' counsel" and that the reports "ultimately reflect detailed nonpublic and proprietary information regarding the components in an educational program, print quantities and dates, sales and distribution volumes, and in some instances customer information." (*Id.*, Ex. A, ¶¶ 5, 7.)

Mr. Hess attests that public disclosure of the information "would reveal trends in Pearson's publication cycles and market share, as well Pearson's competitive strengths and strategies"; its "manufacturing and sales capabilties and the actual volume of its sales and distribution for particular publications"; and "sensitive information about Pearson's product research and development as well as its marketing strategies for particular education programs." (*Id.*, Ex. B, ¶ 4.) Disclosure of this "confidential and commercially sensitive information would cause significant competitive harm to Pearson in the market." (*Id.*) Mr. Hess further attests that Pearson's competitors would gain a competitive advantage from the disclosure of "information reflecting Pearson's print quantities and dates, sales and distribution quantities . . . because that disclosure would reveal Pearson's actual publication quantities for particular disciplines and grade levels, its publication cycle, and its sales and marketing strategies." (*Id.*, ¶ 5.) Finally, Mr. Hess states that Pearson has limited access to print quantities and dates, sales and distribution volumes, and customer information . . . to personnel who have a business need for the information," that it "requires its employees to sign non-disclosure agreements," and that it has confidentiality agreements with third-parties such as authors, printers, and other vendors. (*Id.*, ¶¶ 6–7.)

In another declaration submitted by Pearson, Mr. Hess attests that "public disclosure

- 4 -

of testimony or information about Pearson's internal audits of its policies, procedures, and systems related to the licensing of third party images would substantially harm Pearson by giving its competitors access to its proprietary analyses, thought processes, risk assessment, and strategies, potentially undermining Pearson's efforts to identify business risks and strategies associated with, and areas for improvement in, those processes, procedures, and systems." (Doc. 187-1, ¶ 6.) He also attests that "Pearson's internal audits are not distributed broadly within the company; instead, their intended audience is the most senior business personnel at Pearson and the responsible employees involved in the audited activities." (*Id.*, ¶ 7.)

The Court finds, based on these declarations, that Pearson has shown compelling reasons to seal the information contained in the GRDW and geographic distributions reports.[1] These reports, which Pearson compiled specifically for this litigation, contain nonpublic, commercially sensitive information, including Pearson's actual print, sales, and distribution quantities. *See Bean v. John Wiley & Sons, Inc.*, No. CV-11-8028-PCT-FJM, 2012 WL 1078662, at *6 (D.Ariz. March 30, 2012) (finding compelling reasons to seal "information about defendant's exact sales and production numbers"). This information, if disclosed, could be used by Pearsons' competitors to its detriment. *Id.*; *see TriQuint*, 2011 WL 6182346, at *3–4 (finding compelling reasons for sealing sales data and manufacturing data).

The Court also finds that compelling reasons exist to seal internal documents reflecting Pearson's sales and marketing forecasts and projections, as well as Pearson's geographical reports. *See Jon Feingersh Photography, Inc. v. Pearson Educ., Inc.*, 281 F.R.D. 234, 237 (E.D.Pa. 2012) (finding issuance of protective order regarding sales and marketing projections was warranted in photography agency's copyright infringement where

---

[1] Previously the Court found such avowals sufficient to show "good cause" to seal certain confidential information under Rule 26(c) of the Federal Rules of Civil Procedure. (*See* Doc. 146.)

- 5 -

publisher alleged that it would be disadvantaged if competitors received the information).

The Court does not find compelling reasons to seal the isolated references to such information contained in Hess's deposition testimony and Plaintiffs' summary judgment response and reply briefs.

Accordingly,

IT IS HEREBY ORDERED that Pearson's Motions to File Under Seal and Notice of Withdrawal of Certain Confidentiality Designations (Docs. 168, 175, 187, 191) are granted in part. The following materials shall be filed under seal: Doc. 167, Ex's C, D, E, and F, and Doc. 186, Ex's A-I, A-2, D, E, G, I, J, L, O, and P.

IT IS FURTHER ORDERED that remaining documents shall be filed publicly.

DATED this 4th day of June, 2013.

Paul G. Rosenblatt
United States District Judge