Philip R. Higdon (#003499)
PHigdon@perkinscoie.com
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
DocketPHX@perkinscoie.com

David W. Marston Jr. (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
david.marston@morganlewis.com

Attorneys for Defendant Pearson Education, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Tom Bean and Dennis Kunkel Microscopy, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Pearson Education, Inc., <br><br> Defendant. | No. CV 11-8030-PCT-PGR <br><br> **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE PROTECTIVE ORDER AND IMPOSE SANCTIONS FOR VIOLATIONS OF PROTECTIVE ORDER** |

**I.    INTRODUCTION**

Defendant Pearson Education, Inc. ("Pearson") moves this Court for an order enforcing the Court's Protective Order and imposing sanctions against Plaintiffs' attorneys, Harmon, Seidman, Bruss & Kerr LLC ("HSBK"), for violations of the Court's Protective Order.

During the course of the above-captioned litigation, Pearson produced information to Plaintiffs that Pearson designated as "Confidential" pursuant to the Court's Protective Order entered in this case ("Pearson's Confidential Information"). The Protective Order expressly stated that information produced as Confidential "***shall be used solely for purposes of the claims and defenses in this Action and shall not be used for any other purpose, including, without limitation, any . . . litigation purpose***" and "***shall not, without the written consent of the Designating Party or further Order of the Court, be disclosed to anyone***" not authorized by the Protective Order. Dkt. 64, ¶¶ 5 & 9. Plaintiffs subsequently filed certain of Pearson's Confidential Information under seal in this case. This case was closed on March 16, 2015 and those filings have never been unsealed.

On October 18, 2017, the attorneys at HSBK[1] who represented Plaintiffs in this case used the confidential information Pearson produced in this case in another case, *see Yamashita v. Pearson Education, Inc.*, Case No. 16-cv-03918 (D.N.J. 2017) (the "*Yamashita* Action"), for another client in direct violation of the Protective Order entered in this case. Specifically, HSBK caused their clients in the *Yamashita* Action, plaintiffs Michael Yamashita and Michael Yamashita, Inc. (the "*Yamashita* Plaintiffs") to serve supplemental Rule 26(a)(1) disclosures pursuant to Fed. R. Civ. P. 26(e) in which the *Yamashita* Plaintiffs (1) identified Pearson's Confidential Information that Plaintiffs had filed under seal in this action as information that the *Yamashita* Plaintiffs had in their possession, custody, or control that they were using to support their claims in the *Yamashita* Action; and (2) the *Yamashita* Plaintiffs purported to analyze Pearson's Confidential Information produced in this action in asserting that it supported certain of the *Yamashita* Plaintiffs' claims.

In order for the *Yamashita* Plaintiffs to have possession, custody and control of – and analyze – Pearson's Confidential Information that was produced and filed under seal in this action, HSBK had to have provided that information to the *Yamashita* Plaintiffs for

---

[1] In early 2017, Plaintiff's counsel changed its name from Harmon & Seidman LLC to Harmon, Seidman, Bruss & Kerr LLC.

use in the *Yamashita* Action in direct violation of the Protective Order. Thus, HSBK violated the Protective Order by (1) divulging Pearson's Confidential Information to an unauthorized third party without being authorized to do so by Pearson or a court order; and, (2) causing Pearson's Confidential Information produced in this case pursuant to the Protective Order to be used in the *Yamashita* Plaintiffs' supplemental disclosures in the *Yamashita* Action. *See* Dkt. 64, ¶¶ 5 & 9.

Pearson respectfully requests that the Court: (i) order HSBK to identify all uses of Pearson's Confidential Information since the termination of this action; (ii) require HSBK to retrieve and destroy any copies of Pearson's Confidential Information it has disseminated in violation of the Protective Order; (iii) bar HSBK from making any further use of Confidential Information Pearson produced in this action; (iv) order HSBK and Plaintiffs to destroy all Confidential Information Pearson produced in this action; and (v) award Pearson the attorney's fees and costs it incurred in connection with this Motion.

## II. BACKGROUND

### A. The Protective Order Entered In This Case

Pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, this Court entered a Protective Order on June 29, 2011 (Dkt. 64) (attached as Exhibit A hereto) (the "Protective Order"). The Protective Order expressly requires the parties to hold Confidential Information in confidence and not divulge it to anyone unless authorized by court order. The Protective Order states that Confidential Information shall be used solely for purposes of this action. Paragraph 5 instructs:

> Confidential Material and Counsel Only Material, and information derived therefrom ***shall be used solely for purposes of the claims and defenses in this Action*** and ***shall not be used for any other purpose***, including, without limitation, any business, proprietary, commercial, governmental, or ***litigation purpose***. Nothing herein should be construed to restrict the ability of counsel to advise their clients with respect to the litigation based upon Confidential and Counsel Only Materials, provided that such information is not disclosed.

Ex. A, ¶ 5 (emphasis added). Moreover, Paragraph 9 states that "[m]aterial designated 'Confidential' ***shall not, without the written consent of the Designating Party or further Order of the Court, be disclosed to anyone other than***," *inter alia*, outside counsel retained by a party to this action, the Author of the document, and "[a]ny other person only upon Order of the Court or upon the written consent of the Designating Party, which will not be unreasonably withheld." *Id.*, ¶ 9. Paragraph 10 provides identical protections for material designated "Counsel Only." *Id.* ¶ 10.

During the course of this action, Plaintiffs lodged under seal a number of documents containing Pearson's Confidential Information, including Exhibits A, C, D, E, and F to the Declaration of Alex Kerr ("Kerr Declaration") filed in support of Plaintiff's Motion for Partial Summary Judgment. *See, e.g.*, Dkt. 167-1; Dkt. 167-3; Dkt. 167-4; Dkt. 167-5 & Dkt. 167-6; *see also* Dkt. 202 (sealed exhibits). On February 4, 2013, Pearson filed a Motion to Seal those exhibits. *See* Dkt. 168. On June 5, 2013, the Court granted in part Pearson's Motion to Seal, including instructing that "Dkt. 167, Ex's C, D, E, and F" be filed under seal. *See* Dkt. 198 ("The Court finds . . . that Pearson has shown compelling reasons to seal the information contained in the GRDW and geographic distribution reports."). The exhibits filed under seal were never unsealed by the Court.

Plaintiffs filed a stipulation of dismissal in this case on March 11, 2015. Dkt. 230. Pearson did not, at any time, give Plaintiffs or HSBK permission to share or make any other use of Pearson's Confidential Information produced in this action.

### B. HSBK Violates the Protective Order

In violation of the Protective Order, HSBK caused Confidential Information Pearson produced in this case to be used in another case on behalf of other HSBK clients. Specifically, on October 18, 2017, in the *Yamashita* Action, Plaintiffs Michael Yamashita and Michael Yamashita, Inc. (the "*Yamashita* Plaintiffs") – represented by HSBK – served "Plaintiffs' First Supplemental Rule 26(a)(1) Disclosures" (Exhibit B hereto).[2]

---

[2] Alex Kerr, a partner at HSBK served the supplemental disclosures on Pearson's counsel via email, copying HSBK attorneys Maurice Harmon, Christopher Seidman and

-4-

Rule 26(a)(1) provides that a party must "provide to other parties . . . (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). In the October 18, 2017 Rule 26(a)(1) supplemental disclosures, the *Yamashita* Plaintiffs expressly identified, *inter alia*, the following information that was produced by Pearson as Confidential in this action and that the Court placed under seal in this case:

- "Document entitled 'Bean/Kunkel v. Pearson, Exhibit A, Report on Uses of Bean's Images,' **filed under seal in *Tom Bean and Dennis Kunkel Microscopy, Inc., v. Pearson Education, Inc.*,** No. 11-cv-8030 (Doc. 167-1) ([D. Ariz.] 2011)."

- "Pearson's document entitled 'Report from Global Rights Data Warehouse for Photographs of Tom Bean Identified in Exhibit A to Second Amended Complaint,' Bates numbered D00020072 **filed under seal in *Tom Bean and Dennis Kunkel Microscopy, Inc., v. Pearson Education, Inc.*,** No. 11-cv-8030 (Doc. 167-3) ([D. Ariz.] 2011)."

- "Pearson's document Bates numbered D00020678 **filed under seal in *Tom Bean and Dennis Kunkel Microscopy, Inc., v. Pearson Education, Inc.*,** No. 11-cv-8030 (Doc. 167-4) ([D. Ariz.] 2011)."

- "Pearson's document entitled 'Report from Global Rights Data Warehouse for Photographs of Dennis Kunkel Microscopy, Inc. Identified in Exhibit B to Second Amended Complaint,' Bates numbered D00020653 **filed under seal in *Tom Bean and Dennis Kunkel Microscopy, Inc., v. Pearson Education, Inc.*,** No. 11-cv-8030 (Doc. 167-5) ([D. Ariz.] 2011)."

- "Pearson's document Bates numbered D00020702 **filed under seal in *Tom Bean and Dennis Kunkel Microscopy, Inc., v. Pearson Education, Inc.*,** No. 11-cv-8030 (Doc. 167-4) ([D. Ariz.] 2011)."

Ex. B, ¶¶ 23, 25, 26, 27 & 28 (emphasis added).

---

Amanda Bruss. Mr. Harmon and Mr. Seidman appeared in this case *pro hac vice*. Although Mr. Kerr did not enter an appearance in this case, he submitted a number of declarations, including declarations attaching the documents Plaintiffs filed under seal. *See, e.g.*, Dkt. 167.

In their supplemental disclosures, the *Yamashita* Plaintiffs, cited and relied on, *inter alia*, the above-referenced Pearson Confidential Information filed under seal in this case, in listing publications allegedly supporting the *Yamashita* Plaintiffs' claims. Ex. B at 8-11 (citing "Pearson's own data identified above"). **Thus, in direct violation of Paragraphs 5 and 9 of the Protective Order entered by the Court in this case, HSBK (1) improperly provided Pearson's Confidential Information produced in this case to the *Yamashita* Plaintiffs, and (2) improperly used Pearson's Confidential Information produced in this case in the *Yamashita* Action.**

This appears to be a willful violation of the Protective Order by HSBK and not merely a mistake. For each item of Confidential Information that HSBK improperly provided to the *Yamashita* Plaintiffs and that HSBK caused the *Yamashita* Plaintiffs to improperly use in *Yamashita*, the *Yamashita* Plaintiffs expressly note that item was "***filed under seal***." *See* Ex. B, ¶¶ 23-28.

### III. ARGUMENT

#### A. <u>Legal Standard</u>

Under the Federal Rules of Civil Procedure, a court may impose sanctions on a party—including finding the party in civil contempt—for violating a protective order. Fed. R. Civ. P. 37(b)(2)(A)(vii) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. . . [including] treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."); *see also* 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as—(n.) . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.").

"Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *Go-Video, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir.

1993)). "'Substantial compliance with a court order is a defense to civil contempt.'" *IRDC Inc. v. Eagar Mgmt. LLC*, No. CV-16-02486-PHX-SRB, 2017 WL 2841182, at *3 (D. Ariz. Apr. 5, 2017) (quoting *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1378 (9th Cir. 1986)). Although "technical or inadvertent violations of the order will not support a finding of civil contempt" if a "violating party has taken all reasonable steps to comply with the court order," failing "to comply need not be intentional and no good faith exception applies." *Id.* (quotation marks and citations omitted). "The party moving for sanctions must establish by clear and convincing evidence that the other party violated a court order." *Id.* (citing *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)).

A court that determines that sanctions are appropriate against a party for failure to comply with a court order has discretion to determine the appropriate sanction. *IRDC*, 2017 WL 2841182, at *4 (citation omitted). "Sanctions for civil contempt may be imposed to coerce obedience to a court order or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Id.* (citation omitted). In crafting the appropriate sanction against the violating party, "the court should consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." *Id.* (citation omitted).

The Court may impose a number of sanctions for violations of a protective order including, (i) requiring parties to discontinue all use of confidential documents produced during the prior litigation; (ii) ordering the destruction of any confidential documents that were improperly used; and (iii) awarding attorneys' fees and costs. *See, e.g.*, *Nelson v. Millennium Labs., Inc.*, No. 12-1301, 2014 WL 1496623, at *4 (D. Ariz. Apr. 15, 2014) (precluding the plaintiff from introducing any evidence with respect to deposition transcripts the plaintiff improperly publicly filed with the court in violation of the parties' protective order; granting reasonable attorneys' fees, expenses, and costs associated with the improperly-release deposition of; and awarding reasonable expenses, including

attorneys' fees, associated with the filing of Motion for Sanctions); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983) (affirming award of attorney's fees and costs pursuant to Rule 37(b)(2) for a violation of a protective order); *York Grp., Inc. v. Pontone*, No 10-cv-1078, 2014 WL 3811014, at *5 (W.D. Pa. Aug. 1, 2014) (ordering as sanctions payment of attorney's fees and required affidavits addressing extent of violation of protective order); *Trenado v. Cooper Tire & Rubber Co.*, 274 F.R.D. 598, 600-01 (S.D. Tex. 2011) (holding attorney's fees and costs can be awarded under Rule 37(b)(2) for violation of protective order and collecting cases); *United States v. Open Access Tech. Int'l, Inc.*, 527 F. Supp. 2d 910, 912-13 (D. Minn. 2007) (ordering party held in civil contempt to pay, as a coercive measure, a fine of $5,000 per day until it complied with the court's order); *Whitehead v. Gateway Chevrolet*, No. 03 C 5684, 2004 WL 1459478, *3 (N.D. Ill. June 29, 2004) (awarding sanctions against an attorney under Rule 37(b) for a violation of a protective order).

### B. <u>HSBK Disclosed and Made Use of Pearson's Confidential Information in Violation of the Protective Order</u>

It is indisputable that a valid order – the Protective Order, Dkt. 64 – existed and that HSBK had knowledge of the protective order and that it directly applied to Pearson's Confidential Information which was filed under seal and then improperly disclosed and used in the *Yamashita* Action. Indeed, there can be no doubt that HSBK was aware of the Protective Order and its applicability to the information included in the supplemental disclosure in the *Yamashita* Action given that: (1) Plaintiff, through its counsel HSBK, opposed the entry of the protective order (Dkt. 47); (2) the Court granted Pearson's motion for protective order (Dkt. 63); (3) Plaintiff, through its counsel HSBK, provisionally lodged Pearson's Confidential Information under seal (Dkt. 167) as required by the protective order; (5) Plaintiff, through its counsel HSBK, opposed Pearson's Motion to Seal those documents (*see* Dkt. 166); and (6) the Court granted, in part, Pearson's Motion to Seal (*see* Dkt. 198).

Despite being aware of the requirements and applicability of the Protective Order, HSBK violated the Protective Order entered by the Court in two ways: (1) HSBK provided Pearson's Confidential Information that was filed under seal in this action to the *Yamashita* Plaintiffs in violation of Paragraph 9 of the Protective Order; and (2) HSBK and the *Yamashita* Plaintiffs then used Pearson's Confidential Information in *Yamashita* in direct violation of Paragraph 5's requirement that Pearson's Confidential Information "shall be used solely for purposes of the claims and defenses in this Action and shall not be used for any other purpose." *See* Ex. A, ¶ 5; *see also* Ex. B, ¶¶ 23, 25, 26, 27 & 28.

HSBK did not take every reasonable effort to comply with the Protective Order and it was not in "substantial compliance" with the protective Order. *See On Command Video Corp. v. LodgeNet Entm't Corp.*, 976 F. Supp. 917, 922 (N.D. Cal. 1997) ("Plaintiff's *use* of protected information to file a *separate* state court lawsuit—as opposed to *this* litigation—is tantamount to no compliance at all." (emphasis in original)). In the *Yamashita* supplemental disclosures, the *Yamashita* Plaintiffs identified and purported to analyze documents containing information that was produced by Pearson as Confidential pursuant to the Protective Order, Dkt. 64, and that the Court ordered be filed under seal in this case:

- "Document entitled 'Bean/Kunkel v. Pearson, Exhibit A, Report on Uses of Bean's Images,' **filed under seal in *Tom Bean and Dennis Kunkel Microscopy, Inc., v. Pearson Education, Inc.***, No. 11-cv-8030 (Doc. 167-1) ([D. Ariz.] 2011)."

- "Pearson's document entitled 'Report from Global Rights Data Warehouse for Photographs of Tom Bean Identified in Exhibit A to Second Amended Complaint,' Bates numbered D00020072 **filed under seal in *Tom Bean and Dennis Kunkel Microscopy, Inc., v. Pearson Education, Inc.,*** No. 11-cv-8030 (Doc. 167-3) ([D. Ariz.] 2011)."

- "Pearson's document Bates numbered D00020678 **filed under seal in *Tom Bean and Dennis Kunkel Microscopy, Inc., v. Pearson Education, Inc.***, No. 11-cv-8030 (Doc. 167-4) ([D. Ariz.] 2011)."

- "Pearson's document entitled 'Report from Global Rights Data Warehouse for Photographs of Dennis Kunkel Microscopy, Inc. Identified in Exhibit B

- to Second Amended Complaint,' Bates numbered D00020653 **filed under seal in *Tom Bean and Dennis Kunkel Microscopy, Inc., v. Pearson Education, Inc.*, No. 11-cv-8030 (Doc. 167-5) ([D. Ariz.] 2011).**"

- "Pearson's document Bates numbered D00020702 **filed under seal in *Tom Bean and Dennis Kunkel Microscopy, Inc., v. Pearson Education, Inc.*, No. 11-cv-8030 (Doc. 167-4) ([D. Ariz.] 2011).**"

Ex. B, ¶¶ 23, 25, 26, 27 & 28 (emphasis added). By including these five documents in their Rule 26(a)(1) supplemental disclosures, the *Yamashita* Plaintiffs affirmatively represented that these documents filed under seal were in their possession, custody, or control and that they intended to use them to support their claims in the *Yamashita* Action. Indeed, the *Yamashita* Plaintiffs not only identified the above-referenced Pearson's Confidential Information, they also purported to analyze the underlying Confidential Information – "Pearson's own data identified above" – to produce a chart identifying information allegedly supporting the *Yamashita* Plaintiffs' claims. Ex. B at 8-11.

The only way that the Confidential Information filed under seal in this case could be in the *Yamashita* Plaintiffs' "possession, custody, or control" was for HSBK to have provided it to them in violation of the Protective Order. The *Yamashita* Plaintiffs could not otherwise have identified, relied on, analyzed, or made use of Pearson's Confidential Information. The Protective Order did not permit HSBK to disclose Pearson's Confidential Information to the *Yamashita* Plaintiffs, as the *Yamashita* Plaintiffs were not included in any of the nine categories of individuals for whom disclosure was authorized. *See* Ex. A, ¶ 9 (limiting disclosure to nine categories of individuals). Thus, HSBK violated Paragraph 9 of the Protective Order by disclosing Pearson's Confidential Information to an unauthorized third party without being authorized to do so by Pearson or a court order. *See id.*

HSBK also violated Paragraph 5 of the Protective Order which states that Confidential Information "shall be used solely for purposes of the claims and defenses in this Action and shall not be used for any other purpose, including, without limitation, any . . . litigation purpose. *Id.*, ¶ 5. Indeed, by including the five documents filed under seal

that contained Pearson's Confidential Information in the *Yamashita* Plaintiffs' supplemental disclosures and relying on and analyzing that information in the chart contained in those disclosures, HSBK unequivocally caused Pearson's Confidential Information to be used in the *Yamashita* Action.

HSBK's actions were not "technical or inadvertent violations" because HSBK's violations were willful. For each item of Confidential Information that was improperly used in the *Yamashita* Action, the *Yamashita* Plaintiffs expressly note that item was "***filed under seal***" in this case. Ex. B, ¶¶ 23, 25, 26, 27 & 28.

Accordingly, Pearson respectfully requests that the Court: (i) order HSBK to identify all uses of Pearson's Confidential Information since the termination of this action; (ii) require HSBK to retrieve and destroy any copies of Pearson's Confidential Information it has disseminated in violation of the Protective Order; (iii) bar HSBK from making any further use of Confidential Information Pearson produced in this action; (iv) order HSBK and Plaintiffs to destroy all Confidential Information Pearson produced in this action; and (v) award Pearson the attorney's fees and costs it incurred in connection with this Motion. *See Nelson*, 2014 WL 1496623, at *4 (awarding all "reasonable expenses, including attorneys' fees, associated with the filing of . . . [the motion for attorneys' fees] and reply"); *On Command Video*, 976 F. Supp. at 922-24 (allowing defendants to seek attorneys' fees); *Poliquin v. Garden Way, Inc.*, 154 F.R.D. 29, 32-33 (D. Maine 1994) (sanctioning offending lawyer for violating protective order and awarding attorney's fees and expenses)**.**

## IV. CONCLUSION

For the reasons set forth above, Pearson respectful requests that the Court grant this motion and (i) order HSBK to identify all uses of Pearson's Confidential Information since the termination of this action; (ii) require HSBK to retrieve and destroy any copies of Pearson's Confidential Information it has disseminated in violation of the Protective Order; (iii) bar HSBK from making any further use of Confidential Information Pearson produced in this action; (iv) order HSBK and Plaintiffs to destroy all Confidential

Information Pearson produced in this action; and (v) award Pearson the attorney's fees and costs it incurred in connection with this Motion.

## V. CERTIFICATION OF COUNSEL

On November 14, 2017, Pearson's counsel conferred via telephone with HSBK regarding this issue. HSBK's confirmed that its use of Pearson's Confidential Information produced and filed under seal in this case in the *Yamashita* Plaintiffs' supplemental disclosures was not inadvertent. Without providing any basis to justify its use, HSBK asserted that its use was not inappropriate.

Dated: November 15, 2017       **PERKINS COIE LLP**

By: *s/ Philip R. Higdon*
    Philip R. Higdon (#003499)
    2901 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012-2788

    David W. Marston Jr. (admitted *pro hac vice*)
    Morgan, Lewis & Bockius LLP
    1701 Market Street
    Philadelphia, PA 19103

Attorneys for Defendant Pearson Education, Inc.

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on November 15, 2017, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Maurice Harmon, maurice@harmonseidman.com;
Christopher Seidman, chris@harmonseidman.com
Amanda L Bruss, amanda@harmonseidman.com

*s/ Philip R. Higdon*